IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**VICKI ROSS,**

    **Plaintiff,**

v.                                             CIVIL ACTION NO.  3:18-cv-00036

**HURON LAW GROUP WEST VIRGINIA, PLLC,
HURON LAW GROUP, PLLC, GRT FINANCIAL, INC.,
ZERO DEBT, LLC, DOE CORPORATION I, and
DOE CORPORATION II,**

    **Defendants.**

## CLASS ACTION COMPLAINT

Vicki Ross alleges that each of the Defendants played a part in illegally providing, accessing, and using thousands of consumer credit reports to obtain private financial information. That information was used to market debt consolidation services to financially distressed consumers. This conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which protects consumers' privacy by restricting the access and use of consumer reports to a specifically enumerated list of permissible purposes. 15 U.S.C. § 1681b. A report can be furnished for these purposes "and no other." 15 U.S.C. § 1681e. Targeted advertising is not among the permissible purposes.

Despite the FCRA's strictures on divulging the highly sensitive personal and financial information contained in consumer reports, Doe I, a national credit reporting agency, and Doe II, a credit reporting agency and "reseller" of consumer reports, provided the named defendants with tens of thousands of consumer reports knowing that the reports would not be used for a permissible purpose. By ignoring the FCRA's prohibition on selling consumer reports to those it

knew were not entitled to them, Doe I and Doe II violated their statutory duties to safeguard that information, and enabled the named defendants to profit from violations of the FCRA by using consumer reports to market their debt consolidation services to consumers.

Ms. Ross brings this class action on behalf of consumers whose rights under the FCRA were violated, and to stop Defendants' practice of illegally accessing and using the private financial information contained in consumer reports to market debt consolidation services.

### Jurisdiction and Venue

1. The claims within the lawsuit arise under the FCRA, and this case presents a federal question.

2. Jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681, et seq.

3. Venue is proper in this District under 28 U.S.C. §§ 1931(b)-(c) and 1441(a).

### Parties

4. Plaintiff Vicki Ross resides in Putnam County, West Virginia. She is a West Virginia resident. Ms. Ross is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Defendant Huron Law Group West Virginia, PLLC ("Huron WV") is a Michigan professional limited liability company that conducts business in West Virginia, and an "end user" of consumer reports.

6. Defendant Huron Law Group, PLLC ("Huron") is a Michigan professional limited liability company that conducts business in West Virginia and an "end user" of consumer reports.

7. Defendant GRT Financial, Inc. ("GRT") is a Michigan corporation that conducts business in West Virginia, and an "end user" of consumer reports. According to the Michigan

Department of Licensing and Regulatory Affairs, it operates under the assumed name Get Relief Today.

8.      Defendant 800 Zero Debt, LLC ("Zero Debt") is a Michigan limited liability company that conducts business in West Virginia, and an "end user" of consumer reports. According to the Michigan Department of Licensing and Regulatory Affairs, Zero Debt operates under the assumed name of Coalition for Credit Card Relief.

9.      Defendant Doe Corporation I is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f).

10.     Defendant Doe Corporation II is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) and a "reseller" as defined in 15 U.S.C. § 1681a(u).

## Factual Allegations

### Doe I Sells Consumer Reports To Doe II, Doe II Resells Consumer Reports To Huron, Huron WV, GRT and Zero Debt

11.     Doe I sells consumer reports to entities that subscribe to its services.

12.     Doe II purchases consumer reports from Doe I, from which it compiles "consumer lists" that identify consumers who meet certain criteria. These "consumer lists" contain information about consumers that includes their income, credit rating, range of credit and net worth.

13.     The "consumer lists" Doe II compiles and then sells are "consumer reports" as defined by the FCRA. 15 U.S.C. § 1681a(d).

14.     Doe II sells the consumer lists to businesses that sell debt consolidation services, including Huron, Huron WV, GRT, and Zero Debt.

**The Huron Firms, GRT and Zero Debt Are Joint Venturers In A Debt Settlement Services Marketing Scheme**

15.　Defendants Huron, Huron WV, GRT, and Zero Debt are engaged in a joint venture to advertise and sell debt consolidation services (hereinafter "the Joint Venture Defendants" as the context requires).

16.　Huron and Huron WV provide debt consolidation services to financially distressed consumers.

17.　GRT supplies support staff who work with Huron and Huron WV's attorneys in debt consolidation activities.

18.　Zero Debt provides marketing and intake services for Huron and Huron WV.

19.　Huron, Huron WV, GRT, and Zero Debt have at various times each conducted business out of the same premises at 26711 Northwestern Highway, Suite 350, Southfield, Michigan.

20.　Doe I sold Plaintiff's consumer report to Doe II, as well as the consumer reports of prospective class members.

21.　Doe II used the information in the consumer reports purchased from Doe I to compile lists of consumers with high credit balances, at the Joint Venture Defendants' request.

22.　The Joint Venture Defendants purchased these consumer lists from Doe II to solicit the consumers on those lists to buy the services of Huron and Huron WV.

23.　Plaintiff's name, address, unsecured debt balances, and credit score were included in at least one of the consumer lists Doe II sold to the Joint Venture Defendants.

24.　The names, addresses, unsecured debt balances, and credit scores of prospective class members were included on the consumer lists Doe II sold to the Joint Venture Defendants.

25. The Joint Venture Defendants conveyed the consumer lists purchased from Doe II to a third party for preparation and mailing of the marketing letters.

**The Joint Venture Defendants Did Not Have A Permissible Purpose For Obtaining The Consumer Lists From Doe II**

26. The private consumer financial information contained in the consumer lists Doe II sold to the Joint Venture Defendants constitutes a "consumer report," which a person must have a permissible purpose to obtain. 15 U.S.C. § 1681a(d); 15 U.S.C. § 1681b(f). *See Trans Union v. FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

27. The Joint Venture Defendants directed a third party to prepare and send marketing mailers to Plaintiff and similarly situated consumers from the information on the lists.

28. These mailers consisted of a form template with fill in boxes entitled "Regarding Estimated Balances."

29. The Joint Venture Defendants directed a third party to fill in the portion of the mailers with amounts particular to each consumer set forth in the lists; they further approved the format of the mailers, and mapping of data to the templates selected by the Joint Venture Defendants.

30. The mailers also included a fill in box above the amount of "Estimated Balances," stating, in capital letters, that the consumer's credit score was in ALERT status.

31. The Joint Venture Defendants sent at least two mailers to Plaintiff of nearly identical form and content.

32. The mailers were dated January 11, 2016, and January 13, 2016. In them, the Joint Venture Defendants advertised a "Balance Relief" program through the Coalition for Credit Card Relief, the assumed name of Zero Debt.

33. Each mailer stated it was conveying "CONFIDENTIAL INFORMATION Re: Your Credit Card Balances" and invited Plaintiff and prospective class members to contact an advisor immediately "to confirm your enrollment."

34. Each mailer warned Plaintiff and prospective class members of a "Credit Score: ALERT" "Regarding Estimated Balances" and contained an exact dollar amount purporting to be Plaintiff's "consumer debt."

35. Neither of the two mailers sent by the Joint Venture Defendants contained the opt-out notices required by 16 C.F.R. § 642.3.

36. Compliance with the requirements of 16 C.F.R. § 642.3 is a condition of use of consumer reports under 15 U.S.C. § 1681b(c).

37. The Joint Venture Defendants were required to certify their compliance with 16 C.F.R. § 642.3 as a condition of access and use of the consumer reports.

38. The Joint Venture Defendants caused the same or substantially similar mass market mailers to be sent thousands of consumers advertising the "Coalition for Credit Card Relief's 2016 Balance Relief Program."

39. Marketing of debt consolidation services is not a permissible purpose under the FCRA.

40. The Joint Venture Defendants accessed and used the consumer reports of Plaintiff and prospective class members for an impermissible purpose in violation of 15 U.S.C. § 1681b.

41. The Joint Venture Defendants knew that the lists constituted "consumer reports" by reason of the financial and credit scoring information contained in them, among other reasons.

42. To obtain these consumer reports from Doe II, the Joint Venture Defendants, directly or indirectly, by or through one of the affiliates, falsely certified to Doe II that they had a permissible purpose to obtain those consumer reports, contrary to 15 U.S.C. § 1681e(e)(1)(B).

43. The Joint Venture Defendants accessed and/or used the consumer reports knowingly and willfully in violation of the FCRA.

44. In January 2013, Michigan consumers filed a FCRA complaint against Defendant Zero Debt, among others. *Firneno/Franke v Radner Law Group, PLLC, LaserCom, LLC and 800 Zero Debt, LLC,* E.D. Mich. Case No. 13-10135 (Jan. 14, 2013). On June 1, 2015, the complaint was amended and Huron Law Group, PLLC was added as a defendant. The Michigan consumers alleged, *inter alia*, that the consumer lists the defendants used were consumer reports (*Firneno*, ECF No. 108 at ¶ 49); that the defendants therein had accessed and used plaintiffs' reports to prepare and send solicitation letters (*Id.* at ¶ 60); and that the defendants did not have a permissible purpose to access and use the plaintiffs' consumer reports (*Id.* at ¶ 59).

45. Despite this explicit notice, the Joint Venture Defendants continued their practice of accessing and using consumer reports without a permissible purpose with full knowledge that the information received was a consumer report, and that the source of the information was a consumer reporting agency and/or a reseller.

46. The Joint Venture Defendants intend to continue their practice of using consumer report information to send mass marketing mailers to advertise debt consolidation services and will do so unless enjoined from this practice.

**Doe I Knew That Doe II Was Reselling Its Consumer Reports To Entities Which Did Not Have A Permissible Purpose For Obtaining The Reports**

47. The FCRA requires Doe I, as a furnisher of consumer reports to Doe II, to maintain reasonable procedures that require prospective users of consumer reports to identify

7

themselves, certify the purpose for which the information is sought and certify that the credit reports will be used for no other purposes. Doe I must make reasonable efforts to verify the identity of any new prospective users and the uses certified by the prospective user. 15 U.S.C. § 1681e(a).

48. And prior to furnishing consumer reports to new users, Doe I is required to make reasonable efforts to verify the identity of any new prospective users and the uses certified by the prospective user. *Id.*

49. Doe I did not maintain these reasonable procedures as to Doe II and the Joint Venture Defendants.

50. Doe I sold Plaintiff's and prospective class members' consumer reports to Doe II without making reasonable efforts to verify the identity of the end user of the information.

51. Doe I sold Plaintiff's and prospective class members' consumer reports to Doe II without making reasonable efforts to verify the certifications of the end users' permissible purpose for obtaining the reports.

52. Doe I knew or should have known that the consumer reports it sold to Doe II would be used for marketing debt consolidation services.

53. Doe I knew or should have known Doe II did not maintain reasonable procedures to avoid violations of the FCRA by end users.

**Doe II Knew The Joint Venture Defendants Did Not Have A Permissible Purpose For Obtaining The Consumer Reports It Sold Them**

54. The FCRA requires Doe II, as a reseller, to establish reasonable procedures to ensure the reports are resold only for permissible purposes. 15 U.S.C. § 1681e(e)(2). To that end, Doe II must require end users to certify each purpose for which the reports will be used and that they will be used for no other purpose. *Id.*

8

55. Further, Doe II must disclose to Doe I the identity of the end user of the report and each permissible purpose for which the reports are furnished to the end user. 15 U.S.C. § 1681e(e)(1).

56. Doe II purchased Plaintiff's and the prospective class members' consumer reports from Doe I without disclosing to Doe I the identity of the Joint Venture Defendants or the purpose for which the Joint Venture Defendants intended to use the report.

57. Doe II did not establish or follow the procedures required under 15 U.S.C. § 1681e(e)(2).

58. Doe II sold Plaintiff's and the prospective class members' consumer reports to the Joint Venture Defendants without requiring them to certify that the information would be used for a permissible purpose and only for a permissible purpose.

59. Doe II resold Plaintiff's and the prospective class members' consumer reports to the Joint Venture Defendants knowing that the reports would be used for marketing debt consolidation services.

60. Doe II knows that Huron, Huron WV, GRT, and Zero Debt purchase the consumer lists for an impermissible purpose. But Doe II falsely certifies to Doe I that Huron, Huron WV, GRT, and Zero Debt will use the lists for permissible purposes.

61. Doe II did not maintain reasonable procedures to avoid violations of the FCRA by end users of Plaintiff's and the prospective class members' consumer reports. Further

## Class Definitions and Class Issues

62. Plaintiff brings this class action on behalf of herself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

63. Plaintiff proposes to represent the following classes:

9

    a. <u>Furnishing Class:</u> All persons within the United States (excluding the Court and its staff): whose consumer reports Doe I sold to Doe II; Doe II resold to a Joint Venture Defendant a list identifying such consumers; and that list contained either the identified consumer's credit score or aggregate debt amount.

    b. <u>Impermissible Access Class:</u> All persons within the United States (excluding the Court and its staff): whose consumer reports Doe I sold to Doe II; Doe II resold to a Joint Venture Defendant a list identifying such consumers; that list contained either the identified consumer's credit score or aggregate debt amount; and a Joint Venture Defendant used the list to send a mailer in the form of or similar to Exhibits A and B to such consumer.

    c. The class period is from January 11, 2016 to date.

64. On information and belief, each of these classes consists of thousands of consumers.

65. The classes are so numerous as to make it impracticable to join all the disparate class members.

66. The class claims in this case present common questions of law and fact, including whether:

    a. Doe I furnished consumer reports to Doe II;

    b. Doe II obtained and used consumer reports;

    c. Doe II certified a FCRA permissible purpose;

    d. Doe II falsely certified a permissible purpose to obtain and use the consumer reports;

    e. Doe II furnished consumer reports to the Joint Venture Defendants;

    f. Doe I and Doe II maintained reasonable procedures to limit the furnishing of consumer reports to a permissible purpose;

    g. Doe I and Doe II furnished consumer reports for an impermissible purpose;

    h. The Joint Venture Defendants obtained and used consumer reports;

    i. The Joint Venture Defendants had a permissible purpose to access and use the consumer reports;

    j. The Joint Venture Defendants falsely certified a permissible purpose to obtain and use the consumer reports;

    k. The Joint Venture Defendants certified a FCRA permissible purpose;

    l. Defendants' conduct was knowingly, and/or willfully in violation of the FCRA.

67. The claims presented by Plaintiff are typical of the prospective class members, and are based on the same factual predicates.

68. Plaintiff's claims are based on the same legal and remedial theories as those of the prospective class members.

69. Plaintiff will fairly and adequately protect the interests of all prospective class members in the prosecution of this action, and in the administration of all matters relating to the claim in this case.

70. Plaintiff has suffered the same, or similar, injuries as the members of the classes she seeks to represent.

71. Plaintiff has retained counsel experienced in handling class action litigation involving unfair business practices and consumer law.

72. Neither Plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action.

73. This complaint seeks monetary damages under Fed. R. Civ. P. 23(b)(3).

74. The common questions in this action predominate over any question affecting only individual prospective class members.

75. No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendants because the claim amounts are likely small and involve statutory damages under the FCRA. Consequently, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

76. Management of these claims will likely present few difficulties because, on information and belief, Defendants have an electronic list of prospective class members, which they can turn over to Plaintiff for assembly of a class list, enabling the Court to identify the members of the classes easily.

### Claims for Relief

**COUNT I**
**Class Claims - Fair Credit Reporting Act, "Furnishing" Claims**
**under 15 U.S.C. §§ 1681b, 1681e, and 1681n**
**(Against Doe I, Doe II, and the Joint Venture Defendants)**

77. Doe I furnished the consumer reports of Plaintiff and other prospective class members to Doe II.

78. Doe II furnished the consumer reports of Plaintiff and other prospective class members to the Joint Venture Defendants in violation of 15 U.S.C. § 1681b(a) and 1681e.

79. Doe I and Doe II failed to implement and use reasonable procedures to limit the provision of consumer reports to a § 1681b permissible purpose.

80. Doe I and Doe II knew or should have known the prospective use of reports by the Joint Venture Defendants was for a § 1681b impermissible purpose and thus acted in violation of § 1681e(a) and e(e).

81. Doe II falsely certified a permissible purpose and use for the information sought and thus acted in violation of § 1681e(a) and e(e).

82. Doe I furnished the information from the consumer reports of Plaintiff and the other prospective class members to Doe II willfully and with knowledge that Doe II obtained and intended to resell the information for an impermissible purpose in violation of 15 U.S.C. § 1681e(a). As such, Doe I is liable under 15 U.S.C. § 1681n.

83. Doe II willfully and knowingly obtained from Doe I the consumer reports of Plaintiff and the other prospective class members and was aware that furnishing the information to the Joint Venture Defendants would lead to use of the information for an impermissible purpose. As such, Doe II violated 15 U.S.C. § 1681e(e) and is liable under 15 U.S.C. § 1681n.

84. Doe I and Doe II willfully and knowingly violated 15 U.S.C. §§ 1681b(a), 1681b(f), 1681e(a), and 1681e(e) and are liable for their willful violations under 15 U.S.C. § 1681n.

## COUNT II
### Class Claims - Fair Credit Reporting Act, "Access and Use" Claims under 15 U.S.C. §§ 1681b(a), (f) and 1681n, q
### (Against Doe II)

85. Doe II accessed and used Plaintiff's and the prospective class members' consumer reports in violation of 15 U.S.C. § 1681b(f).

86. Doe II knowingly and willfully obtained the information from Plaintiff's and the prospective class members' consumer reports under false pretenses and is liable under 15 U.S.C. § 1681q.

87. Doe II knowingly and willfully accessed and used Plaintiff's and the prospective class members' consumer report information in violation of 15 U.S.C. § 1681b, and is liable under 15 U.S.C. § 1681n.

## COUNT III
### Class Claims - Fair Credit Reporting Act, "Access and Use" Claims under 15 U.S.C. § 1681b(a) and (f) and 1681q
### (Against The Joint Venture Defendants)

88. The Joint Venture Defendants accessed and used Plaintiff's and the prospective class members' consumer reports in violation of 15 U.S.C. § 1681b(f).

89. The Joint Venture Defendants knowingly and willfully obtained the information from Plaintiff's and the prospective class members' consumer reports under false pretenses and are liable under 15 U.S.C. § 1681q.

90. The Joint Venture Defendants knowingly and willfully accessed and used Plaintiff's and the prospective class members' consumer report information in violation of 15 U.S.C. § 1681b, and are liable under 15 U.S.C. § 1681n.

### **Relief Sought**

Plaintiff seeks the following relief on her own behalf and on behalf of all others similarly situated:

a. That the Court certify the class proposed above under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

b. That the Court appoint her as class representative and her counsel as class counsel;

    c.    That Defendants, their agents, or anyone acting on Defendants' behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify prospective class members;

    d.    That the Court enjoin the Joint Venture Defendants from furnishing and/or accessing and using consumer reports for the marketing of debt consolidation, or other impermissible purposes;

    e.    That the Court award statutory damages;

    f.    That the Court award punitive damages;

    g.    That the Court award reasonable attorneys' fees and costs;

    h.    That the Court award pre- and post-judgment interest; and

    i.    All other relief the Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

                                                                                    Plaintiff,

                                                                                     By Counsel

/s/Sandra Henson Kinney
John W. Barrett (WV Bar No. 7289)
Sandra Henson Kinney (WV Bar No. 6329)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jbarrett@baileyglasser.com
skinney@baileyglasser.com